# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**DENISE ELDER**                                                                                **PLAINTIFF**

**V.**                                                      **NO. 4:17CV00066-JMV**

**NANCY BERRYHILL,**
*COMMISSIONER OF SOCIAL SECURITY*                            **DEFENDANT**

## FINAL JUDGMENT

This cause is before the court on Plaintiff's complaint for judicial review of an unfavorable final decision of the Commissioner of the Social Security Administration denying claims for a period of disability and disability insurance benefits and supplemental security income benefits. The parties have consented to entry of final judgment by the United States Magistrate Judge under the provisions of 28 U.S.C. § 636(c), with any appeal to the Court of Appeals for the Fifth Circuit. The court, having reviewed the administrative record, the briefs of the parties, and the applicable law, and having heard oral argument, finds as follows:

Consistent with the court's ruling from the bench during a hearing held July 23, 2018, the court finds the ALJ's residual functional capacity ("RFC") assessment is not supported by substantial evidence in the record. Specifically, the ALJ failed to properly consider evidence of "[r]ight wrist RSD" and "chronic" "[c]omplex regional pain syndrome type I" and fully develop the record with regard to these conditions.[1] Indeed, during the administrative hearing the claimant testified that treatment by the pain specialist who presumably diagnosed these

---

1 It is worth noting that the ALJ incorrectly referred to the claimant's December 3, 2014, visit to the pain specialist who diagnosed these conditions as an "emergency room visit."

conditions was prevented partly because of complications related to her hypertension and partly due to lack of insurance coverage. Neither the new diagnoses nor this testimony was mentioned in the ALJ's decision. Ultimately, the ALJ reached an RFC determination without the aid of a competent medical assessment on the issue.

On remand, the ALJ must reconsider the claimant's bilateral upper extremity impairments and the functional limitations associated with them. The ALJ must either obtain a medical source statement from the claimant's treating physician(s) or order a physical consultative examination and provide the consultative examiner (ahead of the exam) with copies of the claimant's medical records. In either case, the ALJ must request a function-by-function assessment of physical RFC from the physicians(s). To the extent the ALJ needs clarification of or further explanation for any medical opinion, the ALJ must request it from the appropriate physician prior to rendering a new decision. Ultimately, the ALJ must make a new RFC determination that is supported by substantial evidence in the record. Further, the ALJ must provide an explanation, supported by substantial evidence in the record, for rejecting any medical source opinion. And, to the extent necessary, the ALJ must obtain supplemental vocational expert evidence on the issue of whether there is any work the claimant can perform, considering her limitations.

**IT IS, THEREFORE, ORDERED AND ADJUDGED that this case is REVERSED and REMANDED for further proceedings.**

This, the 24th day of July, 2018.

/s/ Jane M. Virden
U. S. MAGISTRATE JUDGE