IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

DENISE ELDER                                                                                    PLAINTIFF

NO. 4:17CV00066-JMV

NANCY BERRYHILL,
*COMMISSIONER OF SOCIAL SECURITY*                                          DEFENDANT

**O R D E R**

Before the Court are Plaintiff's motion for an award of $1,689.70 in attorney fees pursuant to § 206(b) of the Social Security Act, 42 U.S.C. § 406(b) [29], Defendant's response [30], and Plaintiff's reply [31]. For the reasons that follow, Plaintiff's request for payment of her counsel in the amount of $1,689.70 from past-due benefits is granted.

Denise Elder filed an action in this Court on May 16, 2017, to appeal the Commissioner's decision denying her applications for disability benefits. On July 24, 2018, this Court entered a final Judgment [25] that reversed and remanded the case to the Social Security Administration (the "Agency") for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). After the Court's reversal and remand, in August 2019 the Commissioner issued a fully favorable decision and awarded Plaintiff past-due benefits in the amount of $50,226.50. Shortly thereafter, on December 27, 2019, Plaintiff filed the instant motion.

In response to the motion, the Commissioner states he "declines to assert a position on the reasonableness of Plaintiff's request because the Commissioner is not the true party in interest." Nevertheless, the Commissioner points out, and this Court agrees, that the Court is

obligated to independently review the request and ensure it satisfies the statutory requirement of yielding a reasonable result. Having fulfilled this obligation, the Court finds the fee request in this case is reasonable.

Fees under § 406(b) (federal court fees) are limited to reasonableness and may be no more than twenty-five percent of past-due benefits. *See* 42 U.S.C. § 406(b)(1)(A). Fees under § 406(b) satisfy a client's obligation to her counsel and, accordingly, are paid out of the plaintiff's social security benefits. *See Orner v. Shalala,* 30 F.3d 1307, 1309 (10th Cir. 1994). A contingency fee agreement to pay twenty-five percent of any past-due benefits awarded may set the amount of the Section 406(b) award so long as the amount is reasonable under the facts of the case. *See Gisbrecht v. Barnhart,* 535 U.S. 789, 807-08 (2002).[1]

Here, Plaintiff's counsel seek authorization for payment of $1,689.70 from monies withheld by the Agency from the claimant's past-due benefits.[2] This figure is obtained by subtracting the prior EAJA award in this case, $4,866.93, from $6,556.63 (ostensibly the total

---

[1] However, in *Gisbrecht*, the Supreme Court also noted:

> Courts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order. In this regard, the court may require the claimant's attorney to submit, not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement, a record of the hours spent representing the claimant and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases.

*Id.* at 807-08, 122 S.Ct. at 1828, 152 L.Ed.2d 996 (internal citations and footnotes omitted).

[2] The Agency withheld $12,556.63 from Plaintiff's past-due benefits for payment of any fee award made by this Court.

fee earned for work before this Court).  Several factors weigh in favor of a finding that the fee request is reasonable.  First, counsel have presented a contingency fee agreement signed by Plaintiff, wherein Plaintiff has agreed that her attorneys have the right to seek as much as 25% of her past-due benefits for representation in court.  Further, pursuant to that agreement, Plaintiff agreed that "[i]f the court awards an attorney fee out of . . . past-due benefits and also awards an EAJA fee for that same work, [she] will be refunded or credited with the amount of the smaller fee.  Next, counsel for Plaintiff are experienced Social Security attorneys and successfully argued this case before this court and on remand before the Agency. Additionally, the Fifth Circuit and district courts in this circuit have acknowledged the high risk of loss inherent in Social Security appeals.[3]  Finally, the § 406(b) fees effectively requested ($6,556.63)[4] amount to only slightly over 13% of the claimant's past-due benefits.

**THEREFORE, IT IS ORDERED** that Plaintiff's petition for an award of attorney fees is **GRANTED**.  Counsel for Plaintiff are entitled to payment of $1,689.70 from Plaintiff's past-due benefits and will not be required to reimburse the claimant for the prior EAJA award—credit for the same having been taken into account in permitting the foregoing award.

This, the 18th day of February, 2020.

/s/ Jane M. Virden
U.S. MAGISTRATE JUDGE

---

[3] *See Jeter v. Astrue*, 622 F.3d 371, 379 & n. 9 (5th Cir. 2010).

[4] Counsel, of course, are only seeking payment of $1,689.70, which is the balance of $6,556.63 after Plaintiff is credited for the prior EAJA award, $4,866.93.  While Defendant presents authority for the proposition that counsel must refund and not credit the claimant the smaller award in a case where both EAJA and 406(b) awards are ordered, the Court finds under the circumstances of this case, Plaintiff will be left in the same position in either the case of a credit or refund.